2020-07705



Section 10

FILED
2020 SEP 15  P 07:48
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____     DIV.: _____

PEGGY VOSS

VERSUS

WALMART STORES, INC. d/b/a WALMART, and ABC INSURANCE COMPANY

FILED:_____     _____
                                        DEPUTY CLERK

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **PEGGY VOSS**, a resident and domiciliary of Orleans Parish, State of Louisiana, who respectfully represents that:

1.

Made defendants herein are:

A. **WALMART STORES, INC. d/b/a WALMART**, a corporation located, licensed and doing business in the Parish of Orleans, State of Louisiana, and who can be served through its Agent for Service of Process, CT CORPORATION SYSTEM, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA 70808; and,

B. **ABC INSURANCE COMPANY**, an insurer whose identity is unknown at this time, however upon information and belief is a licensed insurer licensed to do and doing business in the State of Louisiana.

Said Defendants are justly and truly indebted unto your Petitioner herein for the following reasons, to wit:

2.

On or about September 17, 2019, Petitioner, PEGGY VOSS, was an invited customer and patron of Defendant, WALMART STORES, INC. d/b/a WALMART, Store #1163, located at 4001 Behrman Place, New Orleans, Louisiana 70114.

3.

At that same time, Petitioner, PEGGY VOSS upon arriving at the premises through the front doors of Defendant, WALMART STORES, INC. d/b/a WALMART, Store #1163, located at 4001 Behrman Place, New Orleans, Louisiana 70114, suddenly and without warning, tripped over a crumpled rug which had been placed at the entrance, not properly flattened, and the edge of

**VERIFIED**
Yanley Salazar
2020 SEP 17  A 08:35

E-Filed

EXHIBIT "A"

Case 2:21-cv-00961-JCZ-DPC Document 1-2 Filed 05/18/21 Page 2 of 9

.2020-07705

C
Section 10

FILED
2020 SEP 15 P 07:48
CIVIL
DISTRICT COURT

which was not level with the floor, causing Petitioner to fall to the floor and sustain significant injuries and damages.

4.

At all times relevant herein, Defendant, WALMART STORES, INC. d/b/a WALMART, owned and/or leased and/or managed and/or was responsible for maintaining the premises located at 4001 Behrman Place, New Orleans, Louisiana 70114.

5.

Defendant, ABC INSURANCE COMPANY, an insurer whose identity is unknown at this time, but who, upon information and belief, is an insurer licensed to do and doing business in the State of Louisiana, and was the public liability insurer for Defendant, WALMART STORES, INC. d/b/a WALMART.

6.

The crumpled rug on the floor had been there for some time prior to Petitioner tripping over it and had not been straightened out or picked up.

7.

There were no warning signs at or near the immediate area where the crumpled rug on the floor was located.

8.

After PEGGY VOSS fell from tripping over the crumpled rug on the floor, she notified Walmart employee, name unknown, who will be represented as JANE DOE, who acknowledged they knew of the existence of the crumpled rug on the floor at the time of the accident herein sued upon, but which they did not address before customer PEGGY VOSS tripped and fell.

9.

PEGGY VOSS presented to Ochsner emergency at Ochsner Medical Center Westbank in Louisiana.

10.

At the time of the accident herein sued upon, defendant, WALMART STORES, INC. d/b/a WALMART was the owner of Walmart Store #1163, located at 4001 Behrman Place, New Orleans, Louisiana 70114.

Case 2:21-cv-00961-JCZ-DPC Document 1-2 Filed 05/18/21 Page 3 of 9

·2020-07705

C

Section 10

FILED
2020 SEP 15 P 07:48
CIVIL
DISTRICT COURT

11.

Defendant, WALMART STORES, INC. d/b/a WALMART knew or should have known of the existence of the crumpled rug on the floor at the time of the accident herein sued upon.

12.

At the time of the accident herein sued upon, the defendants, WALMART STORES, INC. d/b/a WALMART, were responsible for Walmart Store #1163, the store in question where petitioner, PEGGY VOSS, was injured.

13.

At the time of the accident herein sued upon, the defendant, WALMART STORES, INC. d/b/a WALMART was the custodian of Walmart Store #1163, the store in question where the petitioner, PEGGY VOSS, was injured.

14.

At the time of the accident herein sued upon, the defendant, WALMART STORES, INC. d/b/a WALMART had care, custody, and control of the store in question where the petitioner, PEGGY VOSS, was injured.

15.

At the time of the accident herein sued upon, the defendant, WALMART STORES, INC. d/b/a WALMART had care, custody, and control of the entrance/rug in question where the petitioner, PEGGY VOSS, was injured.

16.

At the time of the accident herein sued upon, defendant, WALMART STORES, INC. d/b/a WALMART was responsible for the maintenance of the area in question where the petitioner, PEGGY VOSS, was injured.

17.

The defendants, WALMART STORES, INC. d/b/a WALMART knew or should have known of the unreasonably dangerous condition the area in question possessed where the petitioner, PEGGY VOSS, was injured.

18.

Petitioner pleads the doctrine of strict liability.

Case 2:21-cv-00961-JCZ-DPC Document 1-2 Filed 05/18/21 Page 4 of 9

·2020-07705



Section 10

FILED
2020 SEP 15  P 07:48
CIVIL
DISTRICT COURT

19.

Petitioner, PEGGY VOSS, was injured as a result of this accident and suffered severe and disabling injuries.

20.

Defendant, WALMART STORES, INC. d/b/a WALMART is liable unto petitioner for the actions and /or inactions of their employee, JANE DOE, and all causes of action asserted herein pursuant to La. Civ. Code Art. 2320, and the doctrines of Respondeat Superior and Vicarious Liability.

21.

Petitioner was not at fault nor was she contributorily negligent. The above described accident, resulting injuries, and damages were caused solely by the negligence and/or fault of the defendants WALMART STORES, INC. d/b/a WALMART in the following particulars:

a. Failure to properly mark and warn of such hazards;

b. Failure to maintain and service its entrances and floors;

c. Failure to keep its entrances and floors in proper working order;

d. Failure to inspect its entrances and floors for such hazards;

e. Failing to take reasonable steps to maintain and insure safety of others;

f. Creating and exposing others to a hazardous condition (crumpled rug on floor);

g. Failure to warn of hazardous conditions;

h. Failure to maintain and service areas in question;

i. Failure to train, supervise, and/or oversee employees;

j. Disregard for the safety of business invitees, patrons, and other individuals similarly situated;

k. Failure to provide business invitees, patrons, and other individuals similarly situated with a safe means of entering and traversing the store;

l. Failure to exercise reasonable and prudent care under the circumstances;

m. Failure to maintain its entrances and floors in a condition free of defects/hazardous conditions (crumpled rug on floor);

n. Failure to take appropriate action to remedy defects and hazardous conditions

E-Filed

·2020-07705

C

Section 10

FILED
2020 SEP 15 P 07:48
CIVIL
DISTRICT COURT

(crumpled rug on floor) after having actual or constructive knowledge of same;

o. Defendants either created or had actual or constructive notice of the hazardous condition (crumpled rug on floor) which caused petitioner's damage prior to the accident;

p. Failing to implement maintenance/cleaning polices for its entrances;

q. Failing to abide by Defendant's own maintenance polices, if any;

r. Failing to properly supervise and instruct its employees to discover, report, and remedy defects and hazardous conditions, and/or maintain the area which had the crumpled rug;

s. In allowing and/or maintaining an unusually dangerous situation;

t. Store #1163 was understaffed, not enough other employees in store at time of accident;

u. Reckless and careless conduct; and,

v. Any and all other acts of negligence, which will be proven at the trial of this matter.

22.

Petitioner pleads the doctrine of res ipsa loquitur.

23.

As a result of this accident, petitioner, PEGGY VOSS, suffered the following, among other, injuries:

a. Injuries to the head, back, neck, and/or spine, arm, elbow, wrist, shoulder, knees ankle, pelvic, groin and foot;

b. Muscles, ligaments, tendons, nerves, and other soft tissue structures of the cervical, lumbar and thoracic regions of the spine;

c. Injuries to the nervous system and psyche;

d. Bumps, bruises and contusions;

e. Aggravation, precipitation and/or the exacerbation of prior existing non-deliberating predispositions, and including without limitation, normal degenerative changes.

·2020-07705

**C**

Section 10

24.

As a result of the above described accident, petitioner, PEGGY VOSS, sustained the following damages:

a. Physical pain and suffering (past, present, & future);

b. Mental pain and anguish (past, present, & future);

c. Medical expenses (past, present, & future);

d. Loss of enjoyment of life (past, present, & future); and,

e. Physical disability and limitation of activities, hobbies, and endeavor.

f. These conditions may continue, worsen or become permanent; and the full residuals and sequelae of her injuries are as yet not fully known, but have been and will be severe.

25.

Petitioner further alleges, on information and belief, that at all times pertinent herein, ABC INSURANCE COMPANY afforded a policy of insurance covering WALMART STORES, INC. d/b/a WALMART, Store #1163, located at 4001 Behrman Place, New Orleans, Louisiana 70114. The policy number is unknown at present time, and under the laws of the State of Louisiana there was in full force and effect at the time of the accident and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:655.

26.

Petitioner further alleges, on information and belief, that under the terms of said policy, ABC INSURANCE COMPANY obligated itself to pay any and all damages to others as a result of the negligence of WALMART STORES, INC. d/b/a WALMART, Store #1163, located at 4001 Behrman Place, New Orleans, Louisiana 70114, the owner of the store, covered by said policy at the time of said slip and fall.

27.

Pursuant to the provisions of the Louisiana Code of Civil Procedure, Article 1423, et sec., plaintiff is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring WALMART STORES, INC. d/b/a WALMART, Store #1163, for the claims made by plaintiff

Case 2:21-cv-00961-JCZ-DPC Document 1-2 Filed 05/18/21 Page 7 of 9

·2020-07705



Section 10

FILED
2020 SEP 15  P 07:48
CIVIL
DISTRICT COURT

herein. Plaintiff herein requests a certified copy of any and all such policies of insurance within thirty (30) days of service of the petition upon them.

28.

Petitioner, PEGGY VOSS, further shows and represents that the defendants, WALMART STORES, INC. d/b/a WALMART, Store #1163, located at 4001 Behrman Place, New Orleans, Louisiana 70114, are liable, jointly and severally, unto petitioner in strict liability and/or negligence according to La. Civ. Code Art.[s] 2315, 2316, 2317, 2317.1.

29.

It will be necessary to present expert witness testimony at during the perpetration and/or trial on the merits of the case and as such, PEGGY VOSS desires that all such costs be taxed as court cost and assessed against the defendants.

30.

Upon information and belief, it is alleged that at all times material hereto, WALMART STORES, INC. d/b/a WALMART is a self-insured entity and provided a policy of liability insurance to WALMART STORES, INC. d/b/a WALMART on the date of this accident, which said policy provided coverage for the type and loss sued upon herein, thus rendering the said defendants liable in solido unto Petitioner with the other named Defendants.

**WHEREFORE**, petitioner prays:

a. That defendants, WALMART STORES, INC. d/b/a WALMART, be served with a copy of this Petition and duly cited to appear and answer same;

b. That after due proceedings had there be judgment rendered herein in favor of petitioner and against the defendants, jointly and *in solido*, for such damages as are reasonable in the premises, together with the maximum legal interest from the date of judicial demand until paid, and for all costs of this proceedings;

c. For full, general, and equitable relief;

d. In accordance with Louisiana Code of Civil Procedure Article 1572, plaintiff requests that the Clerk furnish to undersigned counsel of record, written notice by mail ten (10) days in advance of the date fixed for trial or hearing of the case, whether exceptions, motions, or rules; or an immediate notice of all others or judgments, whether interlocutory or final, made or rendered in this case, all as provided by Louisiana Code of Civil Procedure Articles 1913, 1914, including

E-Filed

Case 2:21-cv-00961-JCZ-DPC Document 1-2 Filed 05/18/21 Page 8 of 9

· 2020-07705



C
Section 10

FILED
2020 SEP 15 P 07:48
CIVIL
DISTRICT COURT

notice of judgment in the event this case is taken under advisement or if the judgment is not signed at the conclusion of the trial. Request is also hereby made for all other notices, which may be requested under applicable law.

Respectfully submitted,

**MOTTA LAW LLC**

**VANESSA MOTTA** (LSBA #36915)
Motta Law, LLC
3632 Canal Street
New Orleans, LA 70119
Tel: (504)670-9490
Fax: (504)513-3122
Email: vanessa@mottalaw.com
*Attorneys for Plaintiff, Peggy Voss*

**PLEASE SERVE:**

WALMART STORES, INC. d/b/a WALMART
through its Registered Agent for Service of Process:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

E-Filed

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

. · 2020-07705



Section 10

**FILED**
2020 SEP 15 P 07:48
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. _____ DIVISION: _____

PEGGY VOSS

VERSUS

WALMART STORES, INC. d/b/a WALMART, and ABC INSURANCE COMPANY

FILED:_____     _____
                                                                            DEPUTY CLERK

### REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, comes your petitioner herein, PEGGY VOSS, pursuant to LCCP Articles 1572, 1913, and 1914, who asks this Court for written notice at least ten (10) days in advance of the date fixed for the hearing of any Exception, Motion, Rule, or Trial on the merits, in the captioned proceeding. Furthermore, petitioner requests immediate notice of all Orders on any Judgments, Exceptions, Motions, Rules, or of the Trial on the merits in the captioned proceeding.

Respectfully submitted,

**MOTTA LAW LLC**

_____
**VANESSA MOTTA** (LSBA #36915)
Motta Law, LLC
3632 Canal Street
New Orleans, LA 70119
Tel: (504)670-9490
Fax: (504)513-3122
Email: vanessa@mottalaw.com
*Attorneys for Plaintiff, Peggy Voss*

E-Filed